IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DARRELL S. PERRY,<br>BRANDON WOODRUFF,<br>JESSE GUTIERREZ,<br>TROY ANEY, and<br>NATHAN W. HARVEY,<br><br>      Plaintiffs,<br>  vs.<br><br>DOUGLAS COUNTY, et al.,<br><br>      Defendants. | 8:04cv433<br><br>MEMORANDUM AND ORDER |

      This matter is before the court on filing no. 34, the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by the defendants, Douglas County, et al. In their complaint, the plaintiffs, Darrell S. Perry, Troy Aney, Jesse Gutierrez, Nathan W. Harvey, and Brandon Woodruff, allege that, while housed as pretrial detainees in protective custody within a segregated housing unit at the Douglas County Correctional Center ("DCCC"), they were forced to endure conditions of confinement unfit for human beings, in violation of the Due Process Clause of the United States Constitution and the Nebraska Jail Standards.

      A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests only the legal sufficiency of the plaintiff's complaint if the factual allegations in the complaint are accepted as true. See generally Springdale Educ. Ass'n v. Springdale School Dist., 133 F.3d 649, 651 (8th Cir. 1998):

> A complaint should not be so dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would demonstrate an entitlement to relief .... When analyzing a dismissal under Rule 12(b)(6), we accept the factual allegations contained in the complaint as true and construe them in the light most favorable to the plaintiff .... We do not apply a standard of heightened specificity, more stringent than the usual pleading requirements of the civil rules, in cases alleging municipal liability under section 1983 .... At a minimum, however, a complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations.

(Citations omitted.)

      Thus, a claim should be liberally construed in the light most favorable to the claimant and should not be dismissed unless it appears beyond doubt that the claimant an

prove no set of facts which would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994). In light of that strict standard, the plaintiff's complaint will not be dismissed for failure to state a claim on which relief can be granted.

Therefore, filing no. 34, the defendants' Motion to Dismiss, is denied.

SO ORDERED.

DATED this 21st day of June, 2005.

BY THE COURT:


s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge