IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DARRELL S. PERRY, et al., | ) |
| | ) 8:04cv433 |
| Plaintiffs, | ) |
| vs. | ) ORDER TO SHOW CAUSE |
| | ) |
| DOUGLAS COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

    This matter is before the court sua sponte.  It appears to the court that this case may have been abandoned, as each plaintiff has failed to notify the court of his current address, and the court has learned that each plaintiff has been released or transferred from the Douglas County Correctional Center ("DCCC") where the plaintiffs were incarcerated when they filed this action.  The court advised the plaintiffs in the Prisoner Payment Order and again in the Order on Initial Review that each has a continuing obligation to keep the court informed of his current address at all times while this case is pending.

    Therefore, the Clerk of Court shall send this Order to Show Cause to each plaintiff at that plaintiff's last known address in the court's records, except that a copy of this Order shall also be sent to plaintiff-Nathan W. Harvey at the Omaha Correctional Center where the website for the Nebraska Department of Correctional Services indicates that he is presently in custody.  By March 27, 2006, each plaintiff shall file a Response to Order to Show Cause in writing stating why this case should not be dismissed as to him, without prejudice, for lack of prosecution.[1]  As to any plaintiff who does not submit a timely and sufficient response to this Order to Show Cause, the above-entitled case may be subject, without further notice, to dismissal without prejudice by Chief Judge Joseph F. Bataillon.

    SO ORDERED.

    DATED this 14th day of March, 2006.

                                      BY THE COURT:

                                      s/ F. A. GOSSETT
                                      United States Magistrate Judge

---

[1] See NECivR 41.1, which states in pertinent part:  "At any time when it appears that any action is not being prosecuted with reasonable diligence the  court may dismiss it for lack of prosecution."